CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff, Arya Shipping Lines PJS
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ARYA SHIPPING LINES PJS,

                Plaintiff,

      v.

FOUR WINDS MARITIME SDN BHD and,
IBETO CEMENT CO., LTD.,

                Defendants.
------------------------------------------------------------X

JUDGE KAPLAN

**07 CIV 7037**

07 CV. _____ (___)

**VERIFIED COMPLAINT**

Plaintiff ARYA SHIPPING LINES PJS (hereinafter "ARYA"), by its attorneys Chalos, O'Connor & Duffy, LLP, as and for its Verified Complaint against the Defendants FOUR WINDS MARITIME SDN BHD (hereinafter "FOUR WINDS") and IBETO CEMENT CO., LTD. (hereinafter "IBETO"), alleges upon information and belief as follows:

### JURISDICTION

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

### THE PARTIES

2.     At all times material hereto, Plaintiff ARYA was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country with and office and principal place of business in a foreign country.

3. The plaintiff is engaged in business as a disponent owner of ocean-going vessels, which transport ocean cargo in exchange for payments of hire or freight.

4. At all times material hereto, Defendant FOUR WINDS was and still is a foreign business entity duly organized and existing as Private Limited Company pursuant to the laws of a Malaysia with an office and principal place business at Suite 3A, Level 10, NB Tower 1, No 5050, Jalan Bagan Luar, Butterworth, Pulau Pinang, Malaysia.

5. The defendant FOUR WINDS operates as a freight, logistics and forwarding company and, in the furtherance of its business, it sometimes charters vessels for the purpose of transporting ocean cargo in exchange for payments of freight.

6. At all times material hereto, Defendant IBETO was and still is a foreign business entity duly organized and existing pursuant to the laws of Nigeria with an office and principal place business at 115 Cidoh Road, off Reclamation Road, Port Harcourt, Rivers State, Nigeria.

7. At all material times hereto, Defendant IBETO was engaged in business as an importer to, seller of and marketer of cement in Nigeria.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR BREACH OF MARITIME CONTRACT AGAINST FOUR WINDS

8. On or about October 5, 2005, ARYA, as vessel disponent owner, entered into a maritime contract with FOUR WINDS, as charterer, whereby ARYA's vessel, the M/V ROSITA, was hired for a one time voyage, with a duration of about 45 to 55 days, to carry a cargo of cement in bulk from Hualien, Taiwan, to Port Harcourt, Nigeria, in exchange for payment of daily hire.

9. This contract between ARYA and FOUR WINDS is a maritime contract and the contract is in the form of a Fixture Recap, and standard terms of an NYPE charter party form that

were incorporated by reference into the Fixture Recap (hereinafter collectively referred to as the "maritime contract").

10. Pursuant to the terms and conditions of this maritime contract, ARYA and FOUR WINDS, agreed to: the description of the vessel; the load and discharge ports; the description and quantity of cargo; the rate of hire; terms for the payment of hire; the right to sublet the vessel; and, that any disputes arising under the maritime contract are to be submitted to London arbitration and are subject to English Law.

11. The Charterer, FOUR WINDS, subsequently sub-let the vessel to PT SADA BROTHERS & SONS for and on behalf of IBETO Cement Company Limited of Nigeria.

12. Pursuant to the terms and conditions of the sub-charter, between FOUR WINDS and IBETO, IBETO was to pay freight and demurrage to FOUR WINDS for the carriage of IBETO's cargo of cement to Nigeria.

13. The Plaintiff ARYA was not a party to the contract between FOUR WINDS and IBETO.

14. The M/V ROSITA arrived at the agreed load port in Taiwan on or about October 22, 2007.

15. The M/V ROSITA loaded 31,500 metric tons of cement, and bills of lading were issued by the vessel's agents for and on behalf of the Master of the M/V ROSITA.

16. The bills of lading issued at the loading port identified IBETO to be the notify party and identified the port of discharge to be Ibeto Jetty, Port Harcourt, Nigeria.

17. The M/V ROSITA transported cargo to the agreed discharge port in Nigeria.

08/07/2007 12:06  2124069808  THE UPS STORE  PAGE 14/21

18. When the M/V ROSITA arrived in Port Harcourt, Nigeria, the vessel was delayed in discharging the cargo because of congestion at the designated discharge place, i.e. Ibeto Jetty, and want of facilities to discharge the cargo.

19. The discharge of the cargo was to be undertaken at the IBETO Cement Terminal in Nigeria, which is owned and operated by IBETO.

20. Eventually, all of the cargo was discharged in Nigeria, and the discharge of the cargo was completed on or about January 25, 2006.

21. Altogether, the M/V ROSITA was on hire to FOUR WINDS for 106 days, 18 hours and 24 minutes, which was significantly more than the contemplated 45 to 55 days.

22. At the conclusion of the voyage, and after allowing for credits for commissions, prior partial payments and other items, ARYA presented a final statement of account to FOUR WINDS for payment.

23. As set forth in the final statement of account, there is a balance of hire and expenses due to ARYA from FOUR WINDS in the aggregate amount of $866,797.30.

24. FOUR WINDS has not disputed the final statement of account as presented by ARYA.

25. In breach of the maritime contract, Defendant FOUR WINDS has failed to pay the balance now due and owing even though it has been demanded by ARYA.

26. Plaintiff ARYA's claim against Defendant FOUR WINDS for breach of the maritime contract by failing to pay the balance of hire and expenses constitutes a maritime claim.

27. The maritime contract provides that any disputes arising under said contract is subject to resolution by arbitration in London and to be determined under English Law, none of

which is deemed waived, and, in accordance with the terms of the arbitration clause, ARYA will pursue its claims against Defendant FOUR WINDS in arbitration in London.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST IBETO FOR UNREASONABLE AND IMPROPER DETENTION IN THE UNLOADING OF THE VESSEL

28. Plaintiff ARYA repeats and restates all of the allegations contained in paragraphs 1 through 27 herein as if more fully set forth and incorporates same as against Defendant IBETO.

29. The Defendant IBETO was the notify party, receiver and/or consignee for the cargo carried on board the M/V ROSITA.

30. The Defendant IBETO was responsible for the unloading of the cement cargo carried on board the M/V ROSITA at Port Harcourt.

31. The Defendant IBETO unnecessarily, unreasonably and improperly detained the M/V ROSITA at Port Harcourt by reason of its failure to furnish a suitable place for the unloading of the cargo or, otherwise, its failure to provide facilities and arrangements for the discharge of the cargo when the vessel arrived in Port Harcourt.

32. The Defendant IBETO did pay a portion of the charges for the delay of the M/V ROSITA at Port Harcourt directly to the Plaintiff ARYA and that sum has been accounted for in the final statement of account presented to Defendant FOUR WINDS, but the Defendant IBETO has not paid all of the hire that was earned by the M/V ROSITA for the carriage to and storage for the cargo onboard at Port Hacourt, Nigeria.

33. The Defendant IBETO, as consignee or receiver of the cement cargo, is liable to Plaintiff ARYA for damages in connection with the delay and detention of the M/V ROSITA at Port Harcourt in the amount of $866,797.30.

34. The Plaintiff's claim against Defendant IBETO for damages in connection with the delay and detention of the M/V ROSITA at Port Harcourt is a maritime claim.

## PRAYER FOR RELIEF

35. Notwithstanding the fact that the liability of ARYA is subject to determination by London arbitration, there are now, or will be during the pendency of this action, certain assets, accounts, freights, hire payments, monies, charter hire, credits, effects, CHIPS credits, electronic fund transfers, payments for bunkers, goods or services, bills of lading, cargo, debts and the like belonging to or claimed by both of the Defendants, i.e. FOUR WINDS and IBETO, within this District and held by various parties, as garnishees.

36. Plaintiff believes that some of these assets, in bank accounts and/or as funds being transferred through intermediary banks are located in this District in the possession of garnishees, including: ABN Amro Bank; American Express Bank, Ltd.; Bank of America; Bank of China; Bank of New York; Barclays Bank; BNP Paribas SA; Calyon; Citibank NA; Credit Suisse; Deutsche Bank; HSBC Bank USA NA; JP Morgan Chase Bank; Societe Generale; Standard Chartered Bank; UBS AG; Wachovia Bank; CHIPS; and, possibly other banks or financial institutions located in New York.

37. As set forth in the accompanying Declaration of George E. Murray, the Defendants FOUR WINDS and IBETO cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

38. Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendants and because the Defendants cannot be found within this District within the

08/07/2007  12:06  2124963808  THE UPS STORE  PAGE  17/21

meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the Defendants and/or *quasi in rem* jurisdiction over the property of the Defendants so that an eventual judgment and/or award can be satisfied.

39. In addition to an attachment in the full amount of the claim as set forth above, Plaintiff also seeks an attachment over an additional sum to cover awardable attorneys' fees and costs which are recoverable in the Singapore arbitration.

40. Plaintiff's aggregate claim against the Defendants FOUR WINDS and IBETO amounts to US $1,163,325.65, which is comprised of the underlying principal claim of US $866,797.30, plus estimated awardable interest of US $195,059.91 (7% per annum compounded for 3 years) and costs and fees of GBP 50,000 or US $101,498.44.

WHEREFORE, Plaintiff prays as follows:

A. That the Defendants be summoned to appear and answer this Verified Complaint;

B. That the Defendants not being found within this District, as set forth in the Declaration of Timothy Semenoro, then all of their assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendants within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C. That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, i.e. US $1,163,325.65, and that a

judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

    D.    That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
         August 6, 2007

                        CHALOS, O'CONNOR & DUFFY, LLP
                        Attorneys for Plaintiff,
                        Arya Shipping Lines PJS

By: _____
        Owen F. Duffy (OD-3144)
        George E. Murray (GM-4172)
        366 Main Street
        Port Washington, New York 11050
        Tel: (516) 767-3600 / Fax: (516) 767-3605

08/07/2007  12:06  2124069808  THE UPS STORE  PAGE  19/21

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff, Arya Shipping Lines PJS
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ARYA SHIPPING LINES PJS,

                Plaintiff,

        v.

FOUR WINDS MARITIME SDN BHD and,
IBETO CEMENT CO., LTD.,

                Defendants.
------------------------------------------------------------X

07 CV. ____ (____)

**VERIFICATION**

STATE OF NEW YORK    :
                                     : ss.
COUNTY OF NASSAU    :

       BEFORE ME, the undersigned authority, personally came and appeared Owen F. Duffy who, after being duly sworn, did depose and state:

       1.     That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Plaintiff, ARYA SHIPPING LINES PJS, herein;

       2.     That he has read the foregoing complaint and knows the contents thereof; and

       3.     That he believes the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.     The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
August 6, 2007

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff
ARYA SHIPPING LINES PJS

By: *[signature]*

Owen F. Duffy (OD-3144)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605

Subscribed and sworn to before me this
August 6, 2007

*[signature]*

Notary Public, State of New York

GEORGE E. MURRAY
Notary Public, State of New York
No. 02MU6108120
Qualified in New York County
Commission Expires April 12, 2008

2